143 So. 206

## LAWLER v. STATE.

### 8 Div. 626.

Court of Appeals of Alabama.

June 7, 1932.

Rehearing Denied June 30, 1932.

H. H. Hamilton and Wm. Stell, both of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J.

█ Appellant was indicted under the name of "Keiffer Lawler, alias Keif Lawler." He filed a plea of misnomer, setting up that his true name was "Keefer Lawler."

The state's demurrer to his plea was sustained, on the apparent ground that the two names in question were idem sonans.

There was no error in this action of the court. Alabama and Southern Digest, vol. 21, pp. 5 and 6; Webster's New International Dictionary (1929) pp. l and li.

There was no error in overruling the demurrers to the indictment. The same, and each count thereof, conformed in every way to the requirements of law.

The appellant was convicted of the offense of murder in the second degree and his punishment fixed at imprisonment in the penitentiary for the term of eighteen years.

We fail to see that a discussion of the evidence would be profitable. Suffice to say that there was direct, positive, eyewitness, testimony to the effect that appellant was guilty as charged.

His able counsel, in an elaborate brief filed here, inveighs against the character of the chief witness and testimony for the state, very much as though he were making a speech to the jury trying the case. We are able to sense his disappointment that a conviction should have resulted, under the circumstances, but are unable to see that any remedy can be afforded by us. The verdict had ample evidentiary support.

We have carefully read and considered the entire testimony, as well as each exception reserved on the taking of same.

It would be of no service for us to discuss each, or any, of said exceptions. Manifestly, as we view it, prejudicial error infected none of the rulings underlying same.

Likewise, the written charges requested by, and refused to, appellant, have each had our careful consideration.

█ We find that as to each of same, if the principle of law therein contained is correct and applicable, it was given to the jury, either in some one of the several written charges given at appellant's request, or in the trial court's excellent oral charge. There was, therefore, no error in refusing to give any one of the charges being now discussed.

The case has had our careful study. It appears that appellant had a trial free from prejudicial error in any of its incidents.

The judgment of conviction is affirmed.

Affirmed.